

ORDERED in the Southern District of Florida on December 15, 2014.

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:                                                              CASE NO.: 14-36329-BKC-RBR
JUAN M. GOMEZ                                                       CHAPTER 13

        Debtor.
_____/

### ORDER DISMISSING BANKRUPTCY CASE WITH PREJUDICE AND GRANTING TWO YEAR IN REM STAY RELIEF AGAINST REAL PROPERTY LOCATED AT 900 S. NORTH LAKE DR. HOLLYWOOD, FLORIDA 33019

THIS MATTTER having come before the Court for hearing on December 10, 2014, at 9:30 a.m. on this Court's *Order for Juan M. Gomez to Show Cause Why This Case Should Not Be Dismissed With Prejudice For Two Years And Why Two Year In Rem Stay Relief Should Not Be Granted Against Real Property Located at 900 S. North Lake Dr. Hollywood, Florida 33019* [D.E. 8] (the "Order to Show Cause"), and, the Court, having noted that Juan Gomez failed to

appear at the hearing, and for the reasons states on the record and being otherwise fully advised in the premises, it is:

**ORDERED AS FOLLOWS:**

1. This bankruptcy case is dismissed with prejudice. The debtor Juan M. Gomez (the "Debtor") is prohibited from filing a bankruptcy petition in any Bankruptcy Court in the United States of America for a period of two (2) years from the date of entry of this order on the docket.

2. The creditor, JPMorgan Chase Bank N.A. (the "Creditor"), and its successors and assigns are hereby granted relief from the automatic stay under 11 U.S.C. § 362(d)(1) and also under 11 U.S.C. § 362(d)(2) in order to purse any and all *in rem* relief against the property located at 900 S. North Lake Dr. Hollywood, FL 33019 (the "Property"), with a legal description as follows:

> Lots 16-17-18, Block 65, HOLLYWOOD LAKES SECTION, according to the Plat thereof, recorded in Plat Book 1, page 32, of the Public Records of Broward County, Florida, LESS the South 30.0 feet thereof for road right-of-way; ALSO that tract of land described as follows: Being all that parcel of land described and bounded as follows: Being a part of Taylor Street, and a part of Block 70, HOLLYWOOD LAKES SECTION, bounded on the South by the North line of lot 16, 17 and 18, Block 65, HOLLYWOOD LAKES SECTION: on the North by Block 71, otherwise described as North Lake of said subdivision; on the East by the East line of Lot 16, Block 65, extended in a Northerly direction, and on the West by the West line of Lot 18, Block 65, extended in a Northerly direction as shown on the Plat of HOLLYWOOD LAKES SECTION, recorded in Plat Book 1, page 32, of the Public Records of Broward County, Florida, being all that parcel of land lying North of Lots 16, 17 and 18, Block 65, of HOLLYWOOD LAKES SECTION extending to the North Lake in said Subdivision; also all that parcel of land described and bounded as follows: being parts of Taylor Street, 13th Avenue (now 9th Avenue) and Block 70, of HOLLYWOOD LAKES SECTION, according to the Plat thereof, recorded in Plat Book 1, page 32, of the Public Records of Broward County, Florida, bounded on the South by a line 104.50-feet South of the Northeast corner of Lot 16, Block 65 of said HOLLYWOOD LAKES SECTION, extended Easterly parallel to the North line of said Block 65 to Block 71, (North Lake) of said HOLLYWOOD LAKES SECTION: On the East by Block 71 of said HOLLYWOOD LAKES SECTION: On the North by said Block 71 of HOLLYWOOD

LAKES SECTION: and on the West by the East line of said lot 16, in Block 65, and an extension of said line North to Block 71 of HOLLYWOOD LAKES SECTION.

3. The Creditor and its successors and assigns are hereby granted prospective relief from the automatic stay with regard to the Property, in any and all cases filed by the Debtor or any other person or entity, under 11 U.S.C. § 362(d)(4). PURSUANT TO 11 U.S.C. § 362(d), ANY FEDERAL, STATE, OR LOCAL GOVERNMENTAL UNIT THAT ACCEPTS NOTICES OF INTERESTS OR LIENS IN REAL PROPERTY SHALL ACCEPT ANY CERTIFIED COPY OF THIS ORDER FOR INDEXING AND RECORDING. If this Order is recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under Title 11 of the United States Code purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing.

###

Submitted by:
Matthew I. Rochman, Esq.
WARGO & FRENCH LLP
201 S. Biscayne Blvd., Suite 1000
Miami, Florida 33131
(305) 777-6000 - Telephone
(305) 777-6001 - Facsimile
mrochman@wargofrench.com

Attorney Matthew I. Rochman is directed to serve copies of this order on all interested parties and file a certificate of service with the Clerk of the Court.